UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re | ) |
| | ) |
| HOT SOCKET, INC., | ) |
| | ) |
| Debtor. | ) |
| | ) |
| IAN J. GAZES, AS CHAPTER 7 | ) |
| TRUSTEE OF HOT SOCKET, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Misc. Pro. No.:  6:07-mp-00002-KSJ |
| RHIAN SMITH, | ) |
| | ) |
| Defendant, | ) |
| and | ) |
| | ) |
| BANK OF AMERICA, | ) |
| | ) |
| Garnishee. | ) |
| | ) |

MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO SET ASIDE
COURT'S ORDER, VACATING ORDER GRANTING PLAINTIFF ATTORNEYS'
FEES, AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

The issue is whether an attorney breached the expected standard of duty one attorney owes another in addressing discovery disputes and in scheduling hearings and depositions.[1] Although the Court does find that one of the attorneys involved in this contested litigation did indeed breach the expected standard of professionalism and civility, the Court does not find it was the attorney against whom sanctions are sought.  Sanctions are denied.

---

[1] The relevant motions to be addressed include:  the Motion to Set Aside Court's Order Denying Defendant's Motion for Protective Order and Awarding Sanctions in Favor of Plaintiff filed by Clint L. Johnson on behalf of Defendant Rhian Smith (Doc. No. 29), and the Motion for Sanctions for Failure of Defendant's Counsel to Appear at Deposition filed by Jill E. Kelso on behalf of Plaintiff Ian J. Gazes (Doc. No. 30).  In addition, the Order Denying Defendant's Motion for Protective Order and Awarding Sanctions in Favor of Plaintiff (Doc. No. 26) directed plaintiff's counsel to file an affidavit of attorneys' fees and costs and reserved ruling as to whether additional sanctions were warranted (Doc. No. 34).  Kelso seeks fees and costs of $4,373.50.

Ian Gazes is a Chapter 7 trustee for a Massachusetts debtor, Hot Sockets, Inc. He obtained a judgment against a local Florida resident, Rhian Smith, for $224,484 on November 8, 2006. Gazes hired a local lawyer, Jill Kelso of Akerman Senterfitt, to collect on this judgment and to file this miscellaneous proceeding to pursue a Writ of Garnishment (Doc. No. 4) in order to reach approximately $100,000 held in two bank accounts in Florida. Due to unrelated pending criminal charges against Ms. Smith, both accounts previously were frozen by the Florida law enforcement authorities. Although all the issues relating to the garnishment are resolved, Gazes now seeks sanctions from Ms. Smith's criminal defense attorneys, Clint Johnson and his partner, N. Ryan Labar (the "Defense Counsel"), for alleged discovery abuses and pleading misconduct. The Court concludes that Defense Counsel acted properly in this case.

At the time Gazes' Writ of Garnishment was filed, Ms. Smith was incarcerated in a local county jail on pending criminal charges. Her Defense Counsel was working to resolve these charges and then was faced with also defending Ms. Smith's interest in this garnishment action. Neither attorney was a bankruptcy practitioner, nor was either familiar with bankruptcy court and its electronic filing procedures. However, Johnson, in a remarkably short time, learned the rules, became an electronic filer, and the Court concludes that, after reviewing this case in detail to address the pending motions, he did an admirable job in learning a new forum and its procedures quickly.

Initially, Defense Counsel filed with the Court a Motion to Dissolve the Writ of Garnishment (Doc. No. 10) asserting various defenses. Because Ms. Smith needed to testify at any hearing to dissolve the Writ, and because of her incarceration, logistical difficulties necessitated a delayed hearing. During this hiatus of about 30 days, Kelso attempted to depose Ms. Smith. Defense Counsel, however, objected to the deposition and filed a Motion for

Protective Order asserting that Ms. Smith could not testify without violating her Fifth Amendment privilege against self incrimination (Doc. No. 19).

The plaintiff, almost immediately, filed a response to the defendant's Motion for Protective Order contending that the defendant had no basis to assert the protection of the Fifth Amendment and, significant to this dispute, arguing that Defense Counsel had failed to certify that they had conferred in good faith in an effort to resolve the dispute without court action (Doc. No. 22). Initially, Kelso stated in her written response to the request for a protective order that Defense Counsel breached their ethical duties, and inferred they made no attempt to resolve the discovery dispute prior to the deposition as required by Federal Rule of Civil Procedure 26(c):[2]

> Plaintiff's counsel has been frustrated by Defendant's counsel's lack of professional courtesy in this proceeding and the Criminal Court proceeding. There is no reason why the attorneys could not have reached an understanding as to the scope of the Defendant's deposition.

(Doc. No 22, p. 9). At the hearing, held on an emergency basis at Kelso's request, she expressly represented that Defense Counsel failed to make a good faith effort to contact her prior to filing the Motion for Protective Order.

The statement was not true. Based on later testimony, Labar, one of the Defense Counsel, *had* called Kelso *prior* to filing the Motion for Protective Order. He wanted to resolve the dispute and even faxed her case law supporting their legal position. Clearly, Defense Counsel did confer in an attempt to resolve this dispute without court action prior to filing the motion, irrespective of Kelso's representations. The parties simply could not agree, and Defense Counsel filed the Motion for Protective Order. Defense Counsel did nothing wrong.

The hearing on the Motion for Protective Order likely would have gone very differently if Defense Counsel had received adequate notice of the hearing and attended. The Motion for

---

[2] Federal Rule of Civil Procedure 26(c) is made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7026 which provides that a motion for a protective order be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action…" Fed. R. Bankr. P. 7026(c).

Protective Order was filed late on June 8. Kelso's response and request for an emergency hearing was filed on June 12. On June 13, 2007, the Court noticed, both electronically and by mail, an emergency hearing set for June 21 (Doc. No. 23).

Defense Counsel, however, never received notice of the hearing. He was traveling out of town and, not accustomed to electronic filing, did not immediately check the electronic docket upon his return. He was unaware of the written notice. As such, he failed to appear for the hearing, simply because he did not know the hearing was scheduled. The Court specifically finds that Johnson's absence was an unintentional error and, had he been aware of the hearing, he or someone from his office would have attended. Kelso made no attempt to advise Defense Counsel of the upcoming hearing or to otherwise resolve the discovery dispute.

Moreover, if Defense Counsel *had* attended, they could have explained the efforts they made to resolve the discovery dispute prior to filing the Motion for Protective Order. In the absence of this explanation, and with Kelso's misrepresentation that no attempt to confer was made, the Court denied the request for a protective order and ordered the deposition of Ms. Smith to proceed. The Court also directed Kelso to file an affidavit listing her fees and costs associated with responding to the Motion for Protective Order and contemplated awarding appropriate fees and costs to her, based on the Court's misunderstanding of Defense Counsel's actions (Doc. No. 26).

Kelso scheduled Ms. Smith's deposition for 9:30 a.m. on the following Monday morning, June 25, 2007. At 8:00 p.m. Thursday, June 21, 2007, Kelso faxed a notice scheduling the defendant's deposition for 9:30 a.m. Monday, June 25, 2007 (Doc. No. 30, Exh. A). The cover letter states,

> Pursuant to the Court's Order Denying Defendant's Motion for Protective Order and Awarding Sanctions in Favor of Plaintiff (the 'Order') permitting the Plaintiff to take the deposition of Rhian Smith, we have rescheduled Ms. Smith's deposition for Monday, June 25, 2007 at 9:30 a.m."

(Doc. No. 30, Exh. A). If received and reviewed the following morning, this fax would have provided exactly one business day's notice of the deposition. For whatever reason, no one at Defense Counsels' office saw this fax until Saturday morning, at which point no reasonable response was possible. More troubling, Kelso never called Defense Counsel or made *any* attempt to coordinate the date and time for the rescheduled deposition. She simply picked a time convenient to her and sent one fax without making any further attempt to provide notice.

If Kelso had called Defense Counsel's office, she would have learned that on Monday, June 25, 2007, Johnson was in jury selection before two state judges and was unaware of Ms. Smith's deposition at the jail that morning. Labar also was appearing in court on another criminal matter.

When Kelso arrived at the jail, Ms. Smith was retrieved by the guards, but Defense Counsel did not arrive. Kelso telephoned Defense Counsel's office *for the first time* concerning this deposition from the jail at the time the deposition was to take place. Defense Counsel's secretary accurately indicated Johnson was unavailable, and Labar was in court. When Defense Counsel returned to his office, he learned that he had missed the defendant's deposition. He also read for the first time the Court's Order Denying Defendant's Motion for Protective Order and Awarding Sanctions in Favor of Plaintiff (Doc. No. 26) and filed a Motion to Set Aside the Order (Doc. No. 29) arguing he never received timely notice of the hearing. Meanwhile, Plaintiff's Counsel was preparing another Motion for Sanctions against Defense Counsel for failing to appear at the Monday morning deposition (Doc. No. 30). The Court added these two new motions to the calendar for the evidentiary hearing already set on Ms. Smith's Motion to Dissolve the Writ set for June 28, 2007, and this time, the Court provided telephonic as well as electronic notice to all parties (Doc. No. 32).

At the final evidentiary hearing on June 28, 2007, Ms. Smith withdrew her defense to the Writ of Garnishment. She had resolved the pending criminal charges with a plea agreement that would require her incarceration for several months. She no longer contested the garnishment or requested a protective order. The Court then turned to the sanctions issues raised by the Court's prior Order Denying the Motion for Protective Order and Awarding Sanctions (Doc. No. 26) (and the related supporting affidavit filed by Kelso seeking $4,373.50 in attorneys' fees (Doc. No. 34)), Ms. Smith's Motion to Set Aside the Court's prior order (Doc. No. 29), and Kelso's Motion for Sanctions for Defense Counsels' failure to appear at the rescheduled deposition. In summary, all of the requests for sanctions relate to whether Johnson acted improperly in prematurely filing and later failing to attend the hearing on the Motion for Protective Order and then failing to attend Ms. Smith's rescheduled deposition.

Kelso was the first to speak at the hearing. She argued that all the time, effort, and energy expended by her, her client, and the Court at the hearing on the Motion for Protective Order was avoidable. The expense was due, according to her, to Defense Counsels' alleged failure to make a good-faith effort to confer with her prior to filing the Motion for Protective Order. She argued her client should not have to pay the costs for a motion prematurely filed and for Defense Counsels' failure to appear at the hearing. She requested additional attorneys' fees for Defense Counsels' failure to appear at the defendant's deposition on June 25, 2007.

Both Johnson and Labar attended the hearing, as did Ms. Smith. Both attorneys expressed regret at the deterioration of the relationship between the law firms. In response to Kelso's representation that this dispute was avoidable, both Johnson and Labar consistently testified that Labar called Kelso to notify her that he could not allow the defendant's deposition to proceed because her testimony could place her then pending criminal proceedings in jeopardy. He explained the legal argument, and he faxed over case law in support of that position. He clearly

tried to resolve the matter prior to filing the motion.  Defense Counsel did everything required of them under the applicable discovery rules.

In response to the statement that Labar contacted her, Kelso stated, "Nobody ever called to confer with me regarding the filing of that motion." (*CD 10:09:20*).   Moments later, she said that she did talk with Labar about the imminent motion, stating:

> Once we noticed it, my secretary received a call from Johnson's assistant who indicated they were objecting to the deposition, which somewhat puzzled me considering that they had agreed to the date prior to that.  There was no reason.  When I attempted to find out the reason, it took me four phone calls to try to find out--are you moving for a protective--what are doing, what is the basis for the objection.  I did indeed speak with Mr. Labar who never indicated their intent to file a Motion for Protective Order but instead indicated that the basis for the objection was that she was a defendant in a criminal proceeding.  That was the extent of the conversation.

(CD 10:09:42 - 10:10:24).  Kelso's own statements in Court, although initially misleading at the earlier hearing on June 21, confirm that, in fact, Labar *had* called, just as he said, prior to filing the Motion for Protective Order, and that he explained exactly why a protective order was sought.  Although Kelso can dispute whether a protective order was appropriate, she misled the Court that Defense Counsel did not try to work out the dispute prior to filing the Motion for Protective Order.

Defense Counsel now seeks an order vacating the prior order denying his request for a protective order and awarding sanctions.  In addressing requests to reconsider orders pursuant to Federal Rule of Civil Procedure 60, courts construe such requests as motions to alter or amend a judgment pursuant to Rule 59(e)[3] if the motions are filed within ten days of the trial court's entry of judgment.  Here, this Motion was filed within ten days of the entry of the Order Denying Defendant's Motion for Protective Order and shall be treated as a motion to alter or amend

---

[3] Federal Rule of Civil Procedure 59(e) provides as follows:

**(e) Motion to Alter or Amend Judgment.**  Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

judgment pursuant to Rule 59(e).  In re Mathis, 312 B.R. 912, 914 (Bankr. S.D. Fla. 2004) (*citing* Hatfield v. Board of County Commissioners, 52 F.3d 858 (10th Cir. 1995); *accord* Mendenhall v. Goldsmith, 59 F.3d 685 (7th Cir. 1995); Goodman v. Lee, 988 F.2d 619 (5th Cir. 1993)).

Courts are cautioned to change their rulings sparingly to encourage finality and to conserve judicial resources.  Mathis, 312 B.R. at 914 (*citing* Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); *accord* Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority, 814 F.Supp. 1072, 1073 (M.D. Fla. 1993)).  The only grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact."  In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999).[4] Therefore, reconsideration is appropriate only in limited circumstances to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice.  Mathis, 312 B.R. at 914 (citations omitted).

In this case, Defense Counsel identified meritorious reasons to justify granting the motion.  First, the Court would find that Defense Counsel was never advised of the hearing and their absence was unintentional.  Second, in their absence, the information presented to the Court by opposing counsel was misleading.  Clearly, Labar had tried to resolve the discovery dispute prior to filing the Motion for Protective Order.  He called and talked with Kelso.  He faxed her supporting case law.  This evidence previously was unavailable to the Court, and, with a better understanding of the events, the Court would not have awarded sanctions against Defense Counsel.

Here, the parties had a legitimate discovery dispute that justified the assistance of the Court.  A hearing was needed and appropriate.  Although Ms. Smith no longer requests a

---

[4] "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued."  Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1292 (11th Cir. 2001). Rather, such motions should address only factual and legal matters that the Court may have overlooked.  Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993).

protective order in light of the later resolution of her criminal charges, at the time, the issue was ripe for resolution on an expedited basis. The unfortunate aspect is that the parties never talked to one another to discuss the scheduling of the upcoming hearing, but, in any event, sanctions are not merited simply because a party raises a legitimate issue.

In consideration of the newly available evidence, reconsideration of the award of attorneys' fees is appropriate. The Motion to Set Aside the Court's Order Denying Defendant's Motion for Protective Order and Awarding Sanction in Favor of Plaintiff (Doc. No. 29) is granted. The prior order is vacated, and the underlying Motion for Protective Order (Doc. No. 19) will be denied as moot in light of the fact that Ms. Smith no longer seeks a protective order. The Court will award no sanctions.

Nor will the Court award sanctions for the failure of Defense Counsel to attend the rescheduled deposition on June 25, 2007. Plaintiff's Counsel seeks additional attorneys' fees as sanctions for Defense Counsel's failure to appear at the deposition pursuant to Federal Rule of Civil Procedure 37(d)[5] which provides:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, *after being served with proper notice, . . .after proper service of the request*, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d) (emphasis added). Plaintiff's Counsel argues further that Rule 37(d) provides that "the failure to act as described in this subdivision may not be excused on the ground that the discovery is objectionable unless the party has a pending motion for protective order…." Id.

---

[5] Federal Rule of Civil Procedure 37(d) is incorporated into Federal Rule of Bankruptcy Procedure 7037.

Kelso is correct that at the time the deposition was rescheduled, no request for a protective order was pending. The logical reason for this is that Defense Counsel was unaware the deposition was scheduled. How can someone file a motion seeking protection when they do not know they need any protection? The only party responsible for that oversight is Kelso. She set the deposition without attempting to coordinate the date or time with opposing counsel. She sent a single fax at 8:00 p.m. on the Thursday evening preceding the deposition set for 9:30 a.m. on the following Monday morning. She did not give any telephonic or other reasonable notice of the deposition. Both Defense Counsels' failure to attend the deposition and to file a motion seeking a protective order is completely understandable.

Local Rule 7030-1 of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida Local Rule 7030-1 requires that depositions be noticed with "no less than ten days notice in writing." Here, time was of the essence, and Kelso did not have the requisite ten days. The order allowing Kelso to reschedule Ms. Smith's deposition clearly contemplated a shorter period. However, even if ten days was not available, the Court expects *reasonable* notice in all circumstances. One business day's notice by facsimile was grossly insufficient. More troubling, Kelso made no attempt to telephone Defense Counsel or to coordinate the deposition with Defense Counsels' schedule.

Here, all of these problems indeed were avoidable, with simple communication between the parties. In this case, the error falls not on Defense Counsel, who did not request hearings or set depositions, but on Kelso, who made no effort to inform opposing counsel of upcoming hearings or depositions or to coordinate mutually convenient times. Discovery motions and motions for sanctions should *never* be a surprise to opposing counsel. The Court is more than willing to resolve legitimate disputes between the parties when appropriate. However, prior to asking for a resolution by the Court, the parties are expected to make a sincere effort to

cooperate, to communicate, and to resolve pending disputes. Providing half-truths and arranging depositions by ambush and then seeking sanctions are litigation tactics the Court will not condone. Certainly, the Court will not reward such antics or award sanctions against the opposing party. The Motion for Sanctions is denied.

A separate order consistent with this Memorandum Opinion shall be issued.

DONE AND ORDERED in Orlando, Florida, on October 1, 2007.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Attorney for Plaintiff: Jill E. Kelso, Akerman Senterfitt, 420 S. Orange Avenue, Suite 1200, Orlando, FL 32801

Attorney for Defendant: Clint L. Johnson, The Johnson Law Group PLLC, 2101 W. State Road 434, Suite 201, Longwood, FL 32779